UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THOMAS A. JAQUEZ                                                                              PLAINTIFF
ADC #174535

V.                                        No. 4:23-CV-00282-JM-BBM

FAULKNER COUNTY
DETENTION CENTER UNIT 1, *et al.*                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.      **INTRODUCTION**

On March 22, 2023, Plaintiff Thomas A. Jaquez ("Jaquez"), a prisoner in the Grimes Unit of the Arkansas Division of Correction, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was a pretrial detainee in the Faulkner County Detention Center. (Doc. 1). An Amended Complaint shortly followed. (Doc. 5).

After Jaquez demonstrated his eligibility to proceed *in forma pauperis*, the Court entered an Order reflecting its initial screening of Jaquez's claims and noted several deficiencies.[1] (Doc. 8). In doing so, the Court read the allegations in Jaquez's Complaint and Amended Complaint together, as if set out in one pleading. *See Kiir v. N. Dakota Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016); *Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). Jaquez was given leave to file a second Amended Complaint to address the noted deficiencies and placed on notice that any such pleading would supersede his previous Complaint and Amended Complaint. (Doc. 8 at 5) (citing *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

On November 1, 2023, Jaquez filed his second Amended Complaint, which will be considered the operative Complaint moving forward. (Doc. 9). Accordingly, the Court will proceed with screening.

## II.    DISCUSSION

### A. Background

In his original Complaint and Amended Complaint, Jaquez alleged three distinct claims: (1) he was subjected to unconstitutional conditions of confinement, such as overcrowding and exposure to black mold; (2) he was denied access to notary services and adequate legal supplies; and (3) Corporal Odis Laird retaliated against him and subjected him to excessive force when he attempted to use the grievance procedure. (Doc. 1 at 2–9;

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b).

Doc. 5 at 5). He sued nineteen Defendants and did not clarify whether he was proceeding against Defendants in their official capacity, individual capacity, or both. (Doc. 1 at 1; Doc. 5 at 1–4).

In conducting its initial screening, the Court noted that, "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." (Doc. 8 at 4) (citing *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir.1998)). Jaquez, however, failed to allege any facts to support an official capacity claim in his original Complaint. *Id.* (citing *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013)). The Court also noted that Jaquez could not proceed with his three unrelated claims against different Defendants in a single § 1983 action. *Id.* at 4–5 (citing FED. R. CIV. P. 20(a)(2) and *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

**B.  Allegations in Jaquez's Second Amended Complaint**

In his second Amended Complaint, Jaquez seeks to pursue constitutional claims for events that occurred on or about February 22, 2023. (Doc. 9). He alleges that, on that date, he asked Sergeant Watkins for permission to make legal copies for an upcoming deadline but was "denied assistance." *Id.* at 4. Jaquez then "wrote a grievance against Corporal Odis Laird [] and presented it to him." *Id.* In response, Laird immediately tazed Jaquez, causing Jaquez "to have a seizure and hit [his] head." *Id.* at 5.

Jaquez claims that he now suffers from anxiety and migraines and seeks compensatory relief. *Id.* at 5, 7.  Jaquez names Corporal Laird as the *only* Defendant in his second Amended Complaint and names him *in his official capacity only*. *Id.* at 1–2.

3

### C. Screening of Second Amended Complaint

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. Although district courts must liberally construe *pro se* complaints, they may not *sua sponte* raise claims not advanced by the plaintiff or supply additional facts that have not been alleged. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

Jaquez's second Amended Complaint unambiguously states that he is suing Defendant Laird in his official capacity only. (Doc. 9 at 1–2). As explained by the Court in its initial screening Order, in order to proceed with an official capacity claim, Jaquez must allege facts showing that "the [constitutional] violation resulted from (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberate indifferent failure to train or supervise." *Atkinson*, 709 F.3d at 1214 (cleaned up). Jaquez failed to allege any such facts in his second Amended Complaint and, therefore, fails to state a claim upon which relief may be granted.

### III.   CONCLUSION

Because Jaquez's second Amended Complaint raises only a single official capacity claim against Corporal Laird and fails to allege *any* facts to support that claim, it should be dismissed, without prejudice, for failure to state a claim.

IT IS THEREFORE RECOMMENDED THAT:

1.      Jaquez's second Amended Complaint (Doc. 9) be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

2.      The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 13th day of December, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

5